

FILED

07/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0338

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0338

DENNIS MARTIN FRIEDT,

Petitioner,

v.

STATE OF MONTANA, and
JAMES SALMONSEN, Warden,

Respondents.

FILED

JUL 12 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Dennis Martin Friedt moves this Court for habeas corpus relief, pursuant to § 46-18-201(3)(a)(iv)(A), MCA.[1] Friedt contends that his sentence must be corrected to reflect suspension of "all but the first 5 years of the sentence by law . . . ." He requests "a department of corrections sentence." We deem his motion a petition for a writ of habeas corpus. M. R. App. P. 14(2). We amend the caption to include the Warden's name of the Montana State Prison, where Friedt is housed.

Some background is necessary here. In early 2018, Friedt entered guilty pleas to four counts of sexual assault. On April 6, 2018, the Yellowstone County District Court sentenced Friedt to the Montana State Prison for a concurrent fifty-year term with twenty-five years suspended. The court imposed a fifteen-year parole ineligibility restriction. Through counsel, Friedt appealed. On November 12, 2019, this Court dismissed Friedt's appeal after independent examination of the record, pursuant to § 46-8-103(2), MCA, and *Anders v. Ca.*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *State v. Friedt*, No. DA 18-0363, Order (Mont. Nov. 12, 2019).

---

[1] Friedt references § 46-18-201(3)(a)(iv)(B), MCA, but that section refers to a youth transferred to a district court.

Friedt is not entitled to a commitment to the Department of Corrections as he requests. In the same statute that he references, there is a provision that allows a District Court to impose a prison sentence based on the offense's conviction. "Whenever a person has been found guilty of an offense upon a verdict of guilty or a plea of guilty or nolo contendere, a sentencing judge may impose a sentence that may include[]a term of incarceration, as provided in Title 45 for the offense, at a county detention center or at a state prison to be designated by the department of corrections[.]" Section 46-18-201(3)(a)(iii), MCA (2017). Friedt was charged with sexual assault, pursuant to § 45-5-502(3), MCA, where the victim is less than sixteen years of age and the offender is three or more years older, as reflected in the court's docket sheet. Montana law provides that, for these sexual assault convictions, "the offender shall be punished by life imprisonment or imprisonment in the state prison for a term of not less than 4 years[.]" Section 45-5-502(3), MCA (2017). Friedt is not entitled to correction of his sentence.

Friedt has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. The District Court had statutory authority to impose a prison sentence for his convictions. Friedt is further constrained here because he has exhausted the remedy of appeal with his prior, dismissed appeal. Section 46-22-101(2), MCA. Friedt is not entitled to his requests or habeas corpus relief. Accordingly,

IT IS ORDERED that Friedt's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Friedt's requests for assignment of other counsel and a court appearance are DENIED as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Dennis Martin Friedt personally.

DATED this 12 day of July, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices